UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                    CRIMINAL No. 3:12-R-1(TPS)

EDWARD J. PELLEGRINO, SR.

## MAGISTRATE JUDGE'S OPINION

The defendant, Edward J. Pellegrino, Sr., was indicted in December, 1974, for conspiring with others to obstruct justice by inducing a witness to falsely recant testimony that he had previously provided in United States v. Joost, et al., Crim. No. H-524(TEC). See United States v. Bucci, et al., Crim. No. H-74-185(TEC). The underlying criminal charge against the defendant was ultimately dismissed in open court by the United States Attorney on March 21, 1975. (Dkt. #1-1 at 2). On October 5, 2012, the defendant filed a Motion to Expunge the charges on his criminal record. (Dkt. # 1). For the reasons stated below, the motion is **DENIED.**

The Attorney General is required to acquire and retain criminal identification records. 28 U.S.C. § 534(a). No federal statute provides for the expungement on an arrest record, but the Second Circuit has concluded that a district court using its inherent equitable powers may order expungement of arrest or conviction records. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977).

Importantly, "the power to expunge 'is a narrow one, and . . . should be reserved for the unusual or extreme case." Schnitzer, 562 F.2d at 539 (quoting United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975)). See also Peters v. United States, No. 13-MC-103, 2013 WL 3280880, at *1 (E.D.N.Y. June 27, 2013 ("relief usually is granted only in 'extreme circumstances'") (quoting Schnitzer, 567 F.2d at 539 (internal quotation marks omitted))); Manoharan v. United States, No. 12-MC-68, 2012 WL 2872631, at *2 (E.D.N.Y. July 12, 2012) ("It is also noteworthy that courts typically deny motions to expunge even the arrest records of those not convicted of any crime . . ."); United States v. Sherman, 782 F. Supp. 866, 868 (S.D.N.Y. 1991) ("[C]ourts have rarely granted motions to expunge arrest records . . . This is true even where the arrests at issue resulted in acquittals or even dismissal of the charges.")

Examples of the kinds of "extreme circumstances that may warrant expungement include: (1) mass arrests conducted under procedures that rendered judicial determination of probable cause impossible; (2) arrests made with the sole purpose of harassing civil rights workers; (3) police misuse of police records to the detriment of the defendant; and (4) arrests based on a statute later declared unconstitutional." Ali v. United States, No. 13-MC-0342, 2013 WL 4048498, at *1 (E.D.N.Y. Aug. 9, 2013)(quoting Moss v. United States, No. 09-MC-495, 2011 WL 1706548, at *1 (E.D.N.Y. May 4, 2011)(citation and internal quotation marks omitted).

In applying this stringent standard, a court must balance the government's interest in "retaining and preserving arrest records" and "the compelling public need for an effective and workable criminal identification procedure" against "the harm that the maintenance of arrest records can cause citizens." Schnitzer, 567 F.2d at 539. Although an arrest record can "create serious adverse consequences" for an individual, "notwithstanding the ultimate disposition of the case," id., courts have consistently refused to expunge criminal records even where such harm exists. Peters, 2013 WL 3280880, at *2 (citing United States v. Robinson, No. 04-CR-580, 2007 WL 2077732, at *2 (E.D.N.Y. July 18, 2007)("Courts have furthermore been clear that the consequences attendant to possessing a criminal record, such as loss of financial or employment opportunities, do not fall within the narrow bounds where expungement has been declared appropriate."))

In balancing the equities in this case, the motion for expungement of the defendant's arrest records must be denied. As noted in the government's brief, although the government dismissed the indictment against the defendant, the grand jury found probable cause to conclude that the defendant was involved in a scheme to obstruct justice, including the coercion of a witness to recant testimony.  (Dkt. # 6 at 8).  Moreover, the motion is devoid of any discussion of the factors that can permit a court, in the narrow exercise of its discretion, to expunge an arrest record.  Nor does

3

the defendant claim that his arrest was unconstitutional, that he
has suffered devastating economic harm, or that he cannot maintain
employment.  Rather, the defendant states that he did not even know
of the existence of the arrest record until he applied for a gun
permit in 2012.  (Dkt. # 1 at 1).  As the defendant has failed to
demonstrate any "extreme circumstances" that would warrant
expungement of his record, the motion is **DENIED**.  Schnitzer, 567
F.2d at 539.

        **Dated at Hartford, Connecticut this 31ˢᵗ day of March, 2014.**


                              **/s/ Thomas P. Smith**
                              **THOMAS P. SMITH**
                              **UNITED STATES MAGISTRATE JUDGE**